UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BULMARO SILVA ALVAREZ,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER, *et al.*,<br><br>Respondents. | Case No. 1:26-cv-04067-NW<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>Re: ECF Nos. 1, 2 |

This habeas action concerns the detention of Petitioner Bulmaro Silva Alvarez, a noncitizen who has lived in the United States since May 2008. ECF No. 1 at 1. Based on the Government's new interpretation of 8 U.S.C. § 1225(b)(2) as mandating detention for all noncitizens present in the United States without admission, Petitioner is being detained without the opportunity for a bond hearing. This matter is before the Court on Petitioner's writ of habeas corpus and motion for a temporary restraining order. ECF Nos. 1, 2. For the reasons explained below, the Court GRANTS Petitioner's writ of habeas corpus and resolves his motion for a temporary restraining order as moot.

**I.      BACKGROUND**

Petitioner is a native of Mexico and entered the United States sometime in May 2008 without inspection. ECF No. 1 at 10. Based on the record before the Court, until his most recent detention, Petitioner was not encountered by immigration authorities at or near the border at the time of entry. His first interaction with the Department of Homeland Security ("DHS") occurred on April 30, 2026, when Petitioner was arrested for driving without a license and was taken into U.S. Immigrations and Customs Enforcement ("ICE") custody. ECF No. 1 at 10–11. DHS also

served Petitioner with a Notice to Appeal, charging him as inadmissible under INA § 212(a)(7)(a)(i)(I) and placing him in removal proceedings, which are ongoing. ECF No. 7-1 at 11–12. Petitioner's next immigration hearing is scheduled for July 9, 2026 and is slated to be held virtually. ECF No. 1 at 10. He does not have any pending immigration-related applications with U.S. Citizenship and Immigration Services.

On May 27, 2026, Petitioner, proceeding pro se, filed the instant Habeas Petition challenging the lawfulness of his detention. *See id*. at 7–8. Respondents filed a combined response to the Petition and motion for a temporary restraining order on June 2, 2026. *See* ECF No. 7.[1] Petitioner did not file a reply within the timeline set by the Court. Respondents' two-page opposition relies entirely on its new interpretation of 8 U.S.C. § 1225(b)(2) as mandating Petitioner's detention, a position Petitioner disputes in the petition. *See* ECF No. 1 at 7.

## II.    LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III.   DISCUSSION

According to Petitioner, 8 U.S.C. § 1226(a) ("Section 1226") controls his arrest and

---

[1] On May 28, 2026, the Court set an expedited briefing schedule for the petition and indicated that it intended to rule on both the motion for a temporary restraining order and underlying petition. *See* ECF No. 5. Respondents did not oppose this in their response, and indicated that they did not request a hearing or intend to file any additional affirmative briefing. ECF No. 7 at 1.

United States District Court
Eastern District of California

detention. ECF No. 1 at 7. He argues that his continued detention without the opportunity for a bond hearing violates the Immigration and Nationality Act ("INA") and the due process clause. *Id.* at 7–8. As a remedy for the Government's unlawful detention under § 1225(b)(2), he requests that he immediately be released from custody, or, in the alternative, be provided with a prompt individualized custody hearing before a neutral decisionmaker pursuant to § 1226(a). *Id.* at 9. Respondents argue in opposition that Petitioner is subject to mandatory detention by ICE under 8 U.S.C. § 1225(b)(2) because he entered the United States illegally, and is, thus, an "applicant for admission" as defined by that statute. ECF No. 7 at 2.

Courts throughout this Circuit have rejected Respondents' argument, holding that § 1225(b)(2) does not apply to noncitizens like Petitioner who entered the United States without inspection many years ago. *Gutierrez v. Chesnut*, No. 1:25-CV-1515 DAD AC, 2025 WL 3514495, at *4 (E.D. Cal. Dec. 8, 2025); *Beltran v. Noem*, No. 25-CV-2650-LL-DEB, 2025 WL 3078837, at *7 (S.D. Cal. Nov. 4, 2025) ("Petitioners' detention, as noncitizens present in the United States without being admitted or paroled … and who were residing in the country prior to being charged, is governed by the discretionary detention provision of § 1226(a)"); *Garcia v. Noem*, No. 5:25-CV-02771-ODW-PD, 2025 WL 2986672, at *4 (C.D. Cal. Oct. 22, 2025) ("the statutory text does not support Respondents' contention that § 1225 governs where, as here, an alien is present in the United States without admission"); *Aquino v. LaRose*, No. 25-CV-2904-RSH-MMP, 2025 WL 3158676, at *2 (S.D. Cal. Nov. 12, 2025); *see also*, *Barbosa da Cunha v. Freden*, 175 F.4th 61, 96 (2d Cir. 2026). This Court concludes likewise, and finds that detention, bond, and release in Petitioner's case is governed by § 1226(a), which, under its implementing regulations, provides for a bond hearing. *See* 8 C.F.R. § 236.1(d)(1) ("respondents may, at any time before an order under 8 CFR part 1240 becomes final, request amelioration of the conditions under which he or she may be released").

Section 1225 governs the detention of noncitizens seeking admission into the United States. *See Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018). As relevant here, § 1225(b)(2)(A) provides that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt

3

entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A). "A noncitizen detained under [s]ection 1225(b)(2) may be released only if he is paroled 'for urgent humanitarian reasons or significant public benefit' pursuant to 8 U.S.C. § 1182(d)(5)(A)." *Gomes v. Hyde*, 25 Civ. 11571, 2025 WL 1869299, at *2 (D. Mass. July 7, 2025). "Other than this limited exception[,] … detention under § 1225(b)(2) is considered mandatory … [and] [i]ndividuals detained under § 1225 are not entitled to a bond hearing." *Lopez Benitez v. Francis*, 795 F.Supp.3d 475, 483-84 (S.D.N.Y. Aug. 13, 2025).

In contrast, § 1226 "authorizes the Government to detain certain aliens *already in the country* pending the outcome of removal proceedings[,]" *Jennings*, 583 U.S. at 289 (emphasis added), establishing "a discretionary detention framework." *Lopez Benitez*, 795 F.Supp.3d at 484 (internal citations omitted). An immigration officer makes the initial determination to either detain or release the noncitizen, but after that decision has been made, the noncitizen may request a bond hearing before an immigration judge. *See* 8 C.F.R. § 1236.1(c)(8), (d)(1). At any such bond hearing, "the burden is on the non-citizen to 'establish to the satisfaction of the Immigration Judge … that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight.'" *Hernandez v. Sessions*, 872 F.3d 976, 982 (9th Cir. 2017) (citing *In re Guerra*, 24 I. & N. Dec. 37, 38 (BIA 2006)).

Courts throughout the United States, including this Court, have found that application of §1225(b)(2) to individuals—like Petitioner—who have lived in the country for many years pending the outcome of removal proceedings "(1) disregards the plain meaning of section 1225(b)(2)(A); (2) disregards the relationship between sections 1225 and 1226; (3) would render a recent amendment to section 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice." *Lepe v. Andrews*, 801 F. Supp. 3d 1104, 1112 (E.D. Cal. 2025) (collecting cases); *see also*, *Otilio B.F. v. Andrews*, 809 F. Supp. 3d 1038, 1048 (E.D. Cal. 2025), *appeal dismissed sub nom. Barragan Franco v. Andrews*, No. 26-617, 2026 WL 1204651 (9th Cir. Feb. 19, 2026); *Lima v. Wofford*, No. 1:25-CV-01390-SKO (HC), 2025 WL 3535009, at *3 (E.D. Cal. Dec. 10, 2025). The Court concurs with these prior, well-reasoned opinions, and concludes that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

United States District Court
Eastern District of California

4

As Respondents only argue that Petitioner was detained pursuant to § 1225(b)(2), and have not argued that Petitioner was lawfully detained under § 1226(a) or another statute justifying detention, the Court finds that there is no statutory basis permitting Respondents to detain Petitioner. Where there is no lawful basis for an individual's detention, the appropriate remedy is immediate release. *See, e.g.*, *Lepe*, 801 F. Supp. 3d at 1119 (granting immediate release where Petitioner unlawfully detained pursuant to Section 1225); *Crispin M. C. v. Noem*, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553, at *7 (E.D. Cal. Jan. 8, 2026); *J.A.C.P. v. Wofford*, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328, at *7 (E.D. Cal. Oct. 27, 2025); *Hernandez Piloto v. Warden*, No. 1:26-CV-03488 (AMO), 2026 WL 1407949, at *3 (E.D. Cal. May 19, 2026).

## IV.   CONCLUSION AND ORDER

For the foregoing reasons, the Petition is GRANTED.  IT IS HEREBY ORDERED that:

1.   Respondents immediately release Petitioner from their custody.

2.   Respondents shall not impose any additional restrictions on Petitioner, unless they are determined to be necessary at a future pre-deprivation and/or custody hearing.

3.   If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter pursuant to § 1226(a) and its implementing regulations, at which Petitioner's eligibility for bond must be considered.  Any such hearing must be held either virtually or in the state of Petitioner's current known place of residence.

4.   This Order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal.

5.   The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

**IT IS SO ORDERED.**

Dated: June 24, 2026

Noël Wise
United States District Judge

United States District Court
Eastern District of California